UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOHAMMAD AZAB,

    Plaintiff,

v.

    Case No. 25-cv-12915
    Honorable Linda V. Parker

GENERAL MOTORS COMPANY,

    Defendant.
_____/

**<u>OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT (ECF NO. 7) AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTIONS FOR EQUITABLE TOLLING OF EEOC DEADLINE (ECF NO. 3), TO EXPEDITE PROCEEDINGS (ECF NO. 4), AND REQUESTING AN EARLY RULE 16 SCHEDULING CONFERENCE (ECF NO. 5)</u>**

    Plaintiff initiated this pro se lawsuit against Defendant on September 15, 2025.  (ECF No. 1.)  On the same date, Plaintiff moved for equitable tolling of the deadline to file a charge with the Equal Employment Opportunity Commission ("EEOC") (ECF No. 3), to expedite the proceedings (ECF No. 4), and for an early Rule 16 scheduling conference (ECF No. 5).  A day later, he filed a motion for leave to file an amended complaint.  (ECF No. 7.)

    Plaintiff did not need to seek leave of the Court to amend his Complaint.  Federal Rule of Civil Procedure 15(a) provides in relevant part:

    A party may amend its pleading once as a matter of course within:
    …

>   (A) 21 days after serving it, or
>
>   (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). As Plaintiff filed his motion seeking leave to amend his pleading apparently, and likely, before serving Defendant, no responsive pleading or Rule 12 motion has been filed. In fact, because Plaintiff apparently has not served Defendant with a summons and a copy of the Complaint, the deadline for Defendant to file an answer or a Rule 12 motion has not even started to run. Therefore, Plaintiff's motion to file an amended complaint, although not even necessary, must be granted pursuant to Rule 15(a)(1)(B).

Because Defendant has neither been served nor responded to Plaintiff's Complaint, Plaintiff's motion to expedite the proceedings and for an early Rule 16 conference are premature. The Court will not address equitable tolling until Defendant has appeared and has an opportunity to respond to Plaintiff's Complaint (or amended pleading). Further, Defendant may have successful arguments for the dismissal of Plaintiff's claims that do not depend on his failure to file a timely EEOC charge. For these reasons, the Court is denying Plaintiff's pending motions without prejudice.

Plaintiff may refile the motions at the appropriate time, although the Court wishes to inform him that, even without a motion, the matter will be processed as

expeditiously as possible, and a Rule 16 conference will be scheduled when the time is appropriate. If Defendant responds to Plaintiff's pleading by filing a motion to dismiss, a conference will not be scheduled until the motion is decided. This is because a ruling in Defendant's favor as to all of Plaintiff's claims will eliminate the need for a scheduling order.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to file an amended complaint (ECF No. 7) is **GRANTED** and Plaintiff shall file his Amended Complaint within fourteen (14) days of this Opinion and Order;

**IT IS FURTHER ORDERED** that Plaintiff's remaining motions (ECF Nos. 3-5) are **DENIED WITHOUT PREJUDICE**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 17, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 17, 2025, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager